## Ex Parte P. W. Cross.

### No. 2666.    Decided December 17. 1902.

**1.—Municipal Ordinance—Obstructing Streets-**

A municipal ordinance which provides, as a penalty for obstruction of the city streets, a fine not in excess of $25, is void, because in conflict with the statute law upon the same subject, which provides a penalty not to exceed $500.

**2.—Municipal Corporation—Special Charter—Abolition.**

A municipal corporation created by special charter, for a village of less than 1000 inhabitants, can not abolish its incorporation by election ordered upon petition of fifty voters under provisions of article 615 [540], Revised Statutes, since that act only applies to towns and villages that have been organized under the general law.

**3.—Same.**

Where the Legislature has not attempted to authorize such towns and villages to dissolve their charters and reincorporate under the general law, at the time of the attempted reorganization, such attempted reorganization was without authority and void. Henderson, Judge, dissenting.

From Smith County.

Original application for habeas corpus for discharge from custody for a violation of a municipal ordinance against obstructing streets.

The opinion states the case.

*J. A. Bulloch,* for relator.—An incorporated city or town with less than one thousand inhabitants can not dissolve itself and abolish its charter by a vote of the people within that territory.

It will be seen from the facts alleged by relator and admitted in the answer filed by the city attorney of the town of Troupe, that the town of Zavalla was incorporated by an act of the Legislature in 1873 and continued to exercise the powers of a municipality until 1884, when on the 8th day of July, 1884, the county judge of Smith County made an order abolishing said town of Zavalla, stating that the qualified voters of Zavalla had prayed for an election and one had been ordered to take the sense of the voters of said town as to whether the same should be abolished, and more than two-thirds of the votes cast at said election were in favor of abolishing said corporation and the same was by the county judge declared abolished; and on the 10th day of July, 1884, a petition was filed with the county judge asking that the town of Troupe be incorporated, and on the 23d day of July the county judge declared the election in favor of incorporating the town of Troupe. Before the order

declaring the town of Zavalla abolished there was an order for an election to incorporate the same territory as the town of Troupe. And at the time the town of Zavalla attempted to be abolished and the town of Troupe incorporated there was but one way known to the law by which a city or town could abolish its charter and accept in lieu thereof a charter under the general laws of the State, and that was by two-thirds vote of the city council as provided in article 381, Revised Statutes of 1895 (old article 340). And this method was only given to towns and cities having one thousand inhabitants or over, and not until the Acts of March 27, 1885, page 57 of said acts, could a town or village which had grown to one thousand change its charter by the mode given in the above article. This was decided in Harness v. State, 76 Texas, 566. With reference to the mode of abolishing by popular vote, which act did not come into existence for eleven years after the town of Zavalla had been abolished (see the Acts of 1895, page 166), that act in section 8 recognizing that there was no mode by which cities and towns incorporated under the general law could abolish their charters so specified, and went further, and gave cities and towns incorporated under the general or special law the same right to abolish. The town of Zavalla having been chartered by an act of the Legislature, could only be abolished by the same authority until the Acts of 1895. The court will see, first, Zavalla being an incorporated town with less than one thousand inhabitants, could not by popular vote dissolve itself; and, second, could not have accepted the provisions of the general law in lieu of its charter until it had one thousand inhabitants or over, and this could not have been done at the time the action to abolish it was taken, and not until 1885, a year after. Harness v. State, 76 Texas, 566; Largen v. State, 76 Texas, 332, 13 S. W. Rep., 161; State v. Dunson, 71 Texas, 65; Buford v. State, 72 Texas, 182.

If the town of Zavalla could have been abolished by popular vote and the town of Troupe incorporated in the same territory by popular vote, both the election to abolish and the election to incorporate, as shown by the fact admitted by the town of Troupe filed herein, would be void, because, as shown by the exhibit attached (A), in the town's answer, and as alleged by relator in his petition, a petition was filed to incorporate Troupe on the 10th day of July, 1884, and an election was held on the 22d of July, 1884, only eleven days intervening between time the election was ordered and the election was held, not allowing the twenty days required by law for notices. See Acts of 1876, p. 306.

The act above referred to requires twenty days notice, specifying the time at which said election shall be held, the officers to be elected or the question voted upon, or both, as the case may be. This act was passed by the Fifteenth Legislature, August 23, 1876, and re-enacted in 1891, and carried forward in the Revised Statutes of 1895 as article 1728 (old article 1685).

With reference to the second ground, relator contends that the ordinance under which he is held and charged is void, because the same is

in conflict with article 480, White's Penal Code, and article 931, White's Code of Criminal Procedure, in this, that said ordinance prescribes a less penalty for the same acts of omission or commission than does the Penal Code. The said ordinance provides for a maximum fine of $25, and the statutes provide for a fine not exceeding $500. I refer the court to the following authorities: McClain v. State, 31 Texas Crim. App., 558, and authority cited; Ex parte Ogden, 66 S. W. Rep., 1100.

If it be contended that cities and towns have jurisdiction and control over the streets and alleys, and that the Legislature intended to place the enforcement of the law for violations for obstructing the streets and alleys in corporations courts, it could not be done, as was decided in the case of Arryo v. State, 69 S. W. Rep., 303.

Web Jarvis, City Attorney, and Rob't A. John, Assistant Attorney-General, for respondent.

DAVIDSON, Presiding Judge.—Applicant was arrested for violating a city ordinance of the town of Troupe, in Smith County. This ordinance, among other things, provides a punishment for the obstruction of its streets, with a penalty annexed not in excess of a fine of $25. Each twenty-four hours while the obstruction remains is a separate offense. One of the applicant's contentions is that this ordinance is void, because in conflict with the State law upon the same subject, which provides a penalty of not to exceed $500. Under all the authorities in this State this position is well taken.

By the parties it is agreed that what is now known as the town of Troupe was incorporated in 1873 by special act of the Legislature; that its territory was limited to a mile square, with the railroad depot as the center. Its corporate name under that charter was "Zavalla." It continued as such incorporation until July, 1884, when the people of the incorporation undertook to repeal by popular vote the charter, under the provisions of what was then entitled "article 540, Revised Statutes 1879." The attempted abolition of the charter by this vote was followed within a few days by a vote of the people in the same territorial limits for municipal reorganization under the name of "Troupe." It is further agreed that at the time of the special charter in 1873 granted the town of Zavalla its population was in excess of 200 and less than 1000, and that at the time of the attempted reorganization in July, 1884, its population still was between these limits, and that population is now less than 1000. Under this state of case applicant's proposition is that an incorporated town of less than 1000 inhabitants could not dissolve itself and abolish its charter by a vote of the people within that territory under the then existing law. Article 540 of the law then in force provides that, if fifty or more voters of any incorporated town or village of less than 1000 and more than 200 population desired the abolition of the corporation, they could petition the county judge to that effect, and abolish same by a two-thirds vote of the voters within its territorial

limits. This applied only to towns of the class under discussion, and only then to those towns which had been incorporated and organized under the general laws of the State enacted for that purpose. But it will be observed that the present town of Troupe was organized under a special charter granted in 1873 to the town of Zavalla. There was no law in force at the time of the election in 1884 authorizing the abolition of the charter granted the town of Zavalla by the special act of 1873. It is well settled that "municipal corporations can be created only in the manner provided by law, and when created must continue until abolished in some legal method." Harness v. State, 76 Texas, 566. In State v. Dunson, 71 Texas, 65, this language is used: "The law in force since the adoption of the Revised Statutes does not provide for the reorganization of any municipal corporation by the acceptance of the general law in lieu of the former charter, whereby the former corporation is practically dissolved, in any manner other than that prescribed in article 340, Revised Statutes 1879. That procedure was not followed in the attempted reorganization of the town of Nacogdoches made in 1887." This same remark will apply to the reorganization or attempted reorganization of the town of Zavalla by the voters in 1884. This reorganization could not and did not occur under article 340 mentioned in the above statute. That applied to a different class of towns entirely. The court further say in this opinion: "The inhabitants of a given territory have no inherent power to create therein a municipal corporation. This can be done only by special act of the Legislature, or by a compliance with the general law providing the manner in which inhabitants may give life to such an incorporation. The inhabitants of a municipal corporation are as powerless to dissolve it, unless this be done in the mode prescribed by law, as are they to create such a corporation in a mode not prescribed by law." Largen v. State, 76 Texas, 323; Lum v. City of Bowie (Texas Sup.), 18 S. W. Rep., 142. See, also, Buford v. State, 72 Texas, 182; McCrary v. City of Comanche (Texas Civ. App.), 34 S. W. Rep., 679. If it be conceded that towns and cities in population of 1000 and under 10,000 could abolish their charters under the provisions of article 340, Revised Statutes 1879, by a vote of two-thirds of city council,—which seems to have been thought otherwise by the Legislature as late as 1895 (see Acts 1895, p. 166),—still the provisions of that article could not by implication or construction be held to apply to towns and villages of more than 200 and less than 1000 in population; much less would it be held that the provisions of said article could authorize the repeal of the charter by popular vote, or have any application whatever to towns and villages of the smaller class, such as was the town of Zavalla. Under the statutes in force at the time of the attempted reorganization of the town of Zavalla into the town of Troupe, and the decisions construing those laws, this attempted reorganization was without authority of law, and void. The Legislature had not attempted to authorize towns and villages of this class to dissolve their charters under special acts and reincorporate

under the general law at the time of the attempted reorganization of the town of Zavalla into the town of Troupe.

For the reasons indicated, the applicant is discharged from custody.

*Relator discharged.*

HENDERSON, JUDGE (Dissenting).—The statement of the case as contained in the opinion of the majority of the court is adopted. I do not understand the court to hold that a municipal corporation of a town less than 1000 inhabitants chartered under a special act of the Legislature can not be abolished or repealed by a general act on the subject which embraces or is intended to repeal the special act. If such is the contention, the authorities are against the opinion. Black, Stat. Const., 818; Endl. Interp. of Stats., sec. 230. Now, the statute in force at the time the corporation of Zavalla was attempted to be abolished was article 615, Revised Statutes 1895, which reads as follows: "When fifty of the voters of any incorporated town or village shall desire the abolishment of such corporation they may petition the county judge to that effect, who shall thereupon order an election to be held in such town or village," etc. Certainly, this statute is broad enough in its terms to embrace corporations, whether chartered by general or special law. It uses the expression, "any incorporated town or village," and, it occurs to me, was intended to authorize all towns and villages of the population stated to abolish their charter. It did not, in terms, abolish them, but accorded to every town and village in the State the privilege of abolishing its corporation, whether by general or special act; and then, under another article of the Civil Code, they were authorized to reincorporate under the general law, which the record shows was done. There is no question raised as to the regularity of either the abolishment or the reincorporation, but it simply held by a majority of the court that the statute in question did not authorize the town of Zavalla to abolish its corporation, because it was chartered under the special act, and the general law did not apply. Of course, I agree that under the decisions of the Supreme Court if the old town of Zavalla, which was attempted to be abolished eighteen years ago, was not legally abolished, then the new town of Troupe, though it has been in existence as a municipal corporation for about eighteen years, has no legal status.

I am also inclined to disagree with my brethren upon the other proposition contained in the opinion; that is, it is held that the town of Troupe could not, by an ordinance, punish an obstruction of a street by a less fine than that imposed under a State law. Article 594 of the Revised Statutes vests in the board of aldermen exclusive control of the streets and alleys and other public places within the corporate limits. This would authorize them not only to regulate, but to abolish, the streets, if it seems necessary in their discretion; and, inasmuch as exclusive authority is vested in the municipality in regard to streets, they would seem to have the privilege of passing such an ordinance in that regard as they may see proper. Echols v. State, 12 Texas Crim. App.,

616; State v. Jones, 18 Texas, 874; Reuter v. State, 43 Texas Crim. Rep., 572, 4 Texas Ct. Rep., 708. I accordingly believe that the town of Troupe is properly incorporated under the general law, and that, having exclusive control of the streets, it could impose such regulations and such fines in regard thereto as it may deem proper.