JASPER YOUNG, ALIAS BROOKS, v. THE STATE.

No. 4081. Decided October 21, 1908.

Forgery—Motion for New Trial—Statutes Construed.

Where a motion for a new trial was not filed until five days after the conviction, and no reason or excuse was given why it was not filed earlier (sentence having been pronounced); and there was no bill of exceptions showing any reason why the discretion confided to the trial court should be revised, such motion under articles 819 and 723 Code Criminal Procedure came too late, and the action of the trial court overruling the motion will not be reversed.

Appeal from the District Court of Nueces. Tried below before the Hon. W. B. Hopkins.

Appeal from a conviction of forgery; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*John L. George,* for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—Appellant was indicted in the District Court of Nueces County on a charge of forgery, the allegation being, in substance, that he had forged a check for the sum of $5 on the Corpus Christi National Bank. On trial the appellant was found guilty and his punishment assessed at confinement in the penitentiary for two years.

We gather from the record that appellant was not defended by counsel on the original hearing. No motion for a new trial was filed until five days after the verdict of guilty was returned against him. The judgment of guilty bears date December 12, 1907; the motion for new trial was filed on December 17 of the same year. A motion was made by the district attorney to strike out appellant's motion for the reason that same was not filed within two days after the rendition of the verdict and because not filed at all until after the court had pronounced sentence on appellant on said verdict of

conviction, reciting and averring that appellant was so duly and properly sentenced by the court at 9:30 o'clock a. m. on the 17th day of December, 1907, and said motion for a new · trial was filed at 3:30 o'clock p. m. on the same day. Article 819 of our Code of Criminal Procedure is as follows: "A new trial must be applied for within two days after the conviction, but for good cause shown, the court, in cases of felony, may allow the application to be made at any time before the adjournment of the term at which the conviction was had. When the court adjourns before the expiration of two days from the conviction, the motion shall be made before the adjournment." Under this provision of our Code of Criminal Procedure, it has been held that motions for new trial filed more than two days after the verdict, where no sufficient excuse is shown for the delay, will not be entertained. Valentine v. State, 6 Texas Crim. App., 439. Again, it has been held that the article, in effect, confides to the judicial discretion of the trial court the determination of applications for new trial made after the expiration of two days, and the exercise of that discretion will not be revised unless it has been abused to the defendant's prejudice. White v. State, 10 Texas Crim. App., 167; Bullock v. State, 12 Texas Crim. App., 42; Smith v. State, 15 Texas Crim. App., 139; Hernandez v. State, 18 Texas Crim. App., 134. In this case the motion for new trial was not filed until five days after the conviction. No reason or excuse is given why it was not filed earlier, nor, indeed, was it filed until after the appellant was sentenced. There is no bill of exceptions preserved in the record showing any reason why the discretion justly confided to the court, should or can be revised by us. Necessarily in matters of this sort, much discretion must be confided to the district judge. We know in practice that motions and amended motions are frequently filed after the expiration of two days and we can not assume that the trial court would decline to entertain a motion for new trial without any reasonable and just ground for so doing. Under the condition of the record as here presented, we must assume, as we do, that there was no abuse of the discretion of the trial court so that it results that we must treat the case as if no motion had been presented. If this is correct it follows of necessity that article 723, Code of Criminal Procedure, which provides: "Whenever it appears by the record in any criminal action, upon appeal of the defendant, that any of the requirements of the eight preceding articles have been disregarded, the judgment shall not be reversed unless the error appearing from the record was calculated to injure the rights of the defendant, which error shall be excepted to at the time of the trial, or on motion for a new trial, should control in the disposition of the case." In the light of this article a careful inspection of the record does not disclose the denial of any substantial right to appellant of which he can in fairness complain, nor indeed, do we believe that if the motion might be considered

that there is any error justifying or requiring a reversal of the case.

It is therefore ordered that the judgment of conviction of the court below be and the same is hereby affirmed.

*Affirmed.*