## WM. A. RAINES v. THE STATE.

### No. 4169.        Decided May 5, 1909.

**1.—Forgery—Sentence—Motion for New Trial.**

Where defendant had been convicted of passing a forged instrument, and requested the court to pass sentence upon him at once, which was done, and did not file his amended motion for new trial until some seventeen days after conviction, and his original motion was not filed within two days after the verdict was returned, there was no error in striking out both the original and amended motion for new trial, this matter being within the sound discretion of the court, and no sufficient reason being shown that defendant's rights were injured.

**2.—Same—Notice of Appeal.**

Where the only notice of appeal was found in the final judgment in the sentence, it may be seriously questioned whether this is sufficient.

**3.—Same—Right of Appeal—Motion for New Trial.**

A party may nevertheless prosecute an appeal, though he may not have filed a motion for new trial; such appeal however will not reach any defects or errors in the charge, under the construction placed upon article 723 Code Criminal Procedure.

**4.—Same—Sufficiency of the Evidence—Comparison of Handwriting.**

Where upon trial for passing a forged instrument there was sufficient evi-

dence to show that defendant knew the same was forged at the time he passed
it, and that the witness who testified that the name of the maker was in the
handwriting of appellant was sufficiently corroborated to show that defend-
ant did know that the instrument was a forgery; and besides defendant tes-
tified that he wrote the check but did not sign the makers name to it, the
conviction is sustained.  Distinguishing Spicer v. State, 52 Texas Crim. Rep., 177.

Appeal from the Criminal District Court of Harris.  Tried below
before the Hon. E. R. Campbell.

Appeal from a conviction of passing a forged instrument; penalty,
two years confinement in the penitentiary.

The opinion states the case.

*Porter Newman,* for appellant.—On question of comparison of hand-
writing: Leeper v. State, 27 Texas Crim. Rep., 694; 11 S. W. Rep.,
644; Spicer v. State, 52 Texas Crim. Rep., 177; 105 S. W. Rep., 813;
Article 794, Code Crim. Proc.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of pass-
ing a forged instrument, his punishment being assessed at two years
confinement in the penitentiary.

The indictment contains two counts charging forgery and two counts
charging passing forged instrument.  The conviction occurred on
March 9th of the present year.  On March 10th appellant, at his own
request, was brought into court.  This request was in writing sent to
the judge of the court by appellant, requesting that he be brought into
court so that he might speak with the judge.  Upon being brought in
he stated that he had been advised by his counsel, Mr. Craig, that the
term of his imprisonment would run from the time he was sentenced,
and asked the court if he had been properly informed.  The court ad-
vised him that such was the law.  He then requested that sentence be
passed at once, so that his term of imprisonment might begin to run,
whereupon the court pronounced the sentence.  On the 12th of March
appellant filed a formal motion for a new trial on three grounds, first,
that the evidence fails to show that appellant knew the order or check
he is charged with passing was a forgery at the time he passed it; sec-
ond, that the evidence is insufficient to support the verdict, and, third,
that the court erred in applying the law to the facts adduced on the
trial.  On the 26th appellant filed an amended motion for a new trial,
and also a request to set aside the judgment and sentence.  On the
same day, March 26th, the district attorney moved to strike out the
motion for a new trial which was filed on the 12th of March.  The
court sustained this motion, and leave to file an amended motion was
refused, because the original motion for a new trial was not filed within
two days after the verdict was returned, and on March 26th sentence
was again pronounced upon appellant.

The only notice of appeal, or intimation that notice of appeal was

given, is found in the final judgment and sentence in the following language: "But inasmuch as said defendant has given notice of appeal herein, the execution of this sentence is deferred to await the judgment and order of our Court of Criminal Appeals in this behalf." It may be seriously questioned whether this is sufficient notice of appeal, at least sufficient entry of such notice under the authority of Young v. State, 41 Texas Crim. Rep., 247. But conceding that this is a sufficient entry of notice of appeal to attach jurisdiction of this court, then we are of opinion there was no error in the court striking out the motion for a new trial under the authority of Young v. State, 44 Texas Crim. Rep., 379; 113 S. W. Rep., 16. It would seem, from the statement of the trial judge, that under the advice of counsel, Mr. Craig, who defended appellant, that he had himself brought into court for the purpose of having sentence passed on him to the end that his time might begin to·run. The court certifies in the record that Mr. Craig was very diligent in his attention to his duties in defending appellant. On the 12th of the month, more than two days having elapsed after the conviction, appellant filed a formal motion for a new trial, and subsequently filed, or asked leave to file, an amended motion. These were stricken out. Appellant states in motion that he was not advised altogether of his legal rights in the matter, and for this reason his newly-acquired counsel sought to urge an amended motion for a new trial. There is no evidence introduced upon the question one way or the other, and all we have in regard to the matter is the statement of appellant as grounds of his motion and the qualification of these at the end of the bills of exception signed by the court. There is no statement from counsel who defended appellant in the record. The court, however, does certify that appellant stated in his request·to him —the court—that he had been advised by Mr. Craig to the effect that sentence would begin to run from the time it was pronounced, and for this reason he desired an immediate sentence. Granting or refusing authority to file motions for a new trial after the statutory two days is lodged in the discretion of the court. This may not be final, but in order to hold the court erroneously refused to grant leave to file motions after the statutory time, sufficient reason must be shown to indicate that the accused has been debarred of some substantial right. See Young v. State, *supra.* We are of opinion that this showing is not made by this record; but our Code of Procedure provides that a party may nevertheless prosecute an appeal though he may not have filed a motion for a new trial. Where this has been done, and there are errors of sufficient importance which this court can consider independent of the motion for a new trial, it would be reviewed. This, however, will not reach any defects or omissions or errors of commission in the charge, under the construction placed upon article 723 of the Code of Criminal procedure. It is therefore unnecessary to refer to any supposed errors in the charge, for they could not be considered without an exception taken either during the trial or on motion for new trial.

There are no bills of exception in the record in regard to the charge. There is a bill of exceptions taken by appellant and signed by the court to the action of the court refusing to permit the motion for a new trial to be filed, but this does not bring into review the ground or error assigned in motion for a new trial. It only brings in review the error, or supposed error, of the court in refusing to permit these motions to be filed.

We have reviewed the testimony with a view of ascertaining if it is sufficient to sustain the verdict of the jury, and are of the opinion that it is. Appellant was convicted for passing a forged instrument. He represented it as being an order, or check, signed by an insurance man in Houston for whom he was working, named Shepherd, and his name is shown to be E. D. Shepherd. The name of J. W. Shepherd was signed to the check or order. There is quite a lot of testimony to sustain the contention of the State in regard to the fact that appellant knew the instrument was a forged one when he passed it, and that J. W. Shepherd did not sign it. Appellant took the stand and testified that he did not sign the name of J. W. Shepherd to the instrument, but that J. W. Shepherd, a friend of his who lived in Mexico, but who happened to be in Houston at the time, and owed him—appellant— signed the order or check. This, however, he did not sustain by any other testimony than his own. He did not show or undertake to show that J. W. Shepherd was in the city of Houston, or registered at any of the hotels, or in any way show that such a man as J. W. Shepherd was in Houston at or about the time this order was signed, and his statements were totally at variance with those of the party who cashed the check and another party who was present and heard all, or a part, of the conversation between appellant and the party to whom he passed the check. A witness who knew appellant's handwriting was introduced for the purpose of proving the signature to be in the handwriting of appellant, and did testify to that fact. Appellant contends that, under the statute and the decisions construing the statute, that the evidence was not sufficient in this respect to sustain a conviction. The statute provides that comparison by handwriting may be introduced, but will not be sufficient of itself to sustain a conviction if the signature is denied under oath. We are of opinion there is sufficient evidence to show that appellant knew this instrument was forged at the time he passed it, and that the witness who testified that the name of J. W. Shepherd was in the handwriting of appellant is sufficiently corroborated to show that appellant knew that, when he passed this instrument, that it was a forgery. Appellant testified he wrote the check, but did not sign Shepherd's name to it. The evidence in this case is much stronger than that in the case of Spicer v. State, 52 Texas Crim. Rep., 177; 105 S. W. Rep., 813. As before stated, the alleged errors in the charge are not in such condition, under article 723, Code of Criminal Procedure, as authorizes this court to review those matters.

As the case is presented, we are of opinion there are no sufficient errors to require a reversal of the judgment, and the same is therefore affirmed.

*Affirmed.*