## TOM JACKSON v. THE STATE.

### No. 4376. Decided March 14, 1917.

**1.—Forgery—Comparison of Handwriting—Sufficiency of the Evidence.**

Where, upon trial of forgery, defendant claimed that the proof rested alone upon the comparison of handwriting, and was, therefore, insufficient under article 814, Code Criminal Procedure, but the evidence disclosed other testimony supplementing that of experts proving the handwriting, and the additional testimony corroborates the same, the conviction is sustained. Following Raines v. State, 56 Texas Crim. Rep., 94, and other cases.

**2.—Same—Passing Forged Check—Circumstantial Evidence—Corroboration.**

Upon trial of forgery, resting partly upon the comparison of handwriting, testimony of the passing of a forged check was a circumstance admissible against the defendant. Following Fischl v. State, 54 Texas Crim. Rep., 55.

Appeal from the District Court of Red River. Tried below before the Hon. Ben H. Denton.

Appeal from a conviction of forgery; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Travis T. Thompson,* for appellant.—On question of handwriting and insufficiency of the evidence: Batte v. State, 57 Texas Crim. Rep., 125,

122 S. W. Rep., 561; Spicer v. State, 52 Texas Crim. Rep., 177, 105 S. W. Rep., 813.

*E. B. Hendricks,* Assistant Attorney General, for the State.

MORROW, JUDGE.—Appellant was indicted for and convicted of forgery. A reversal is sought only upon the proposition that the proof of forgery rests alone upon the comparison of handwriting and is consequently insufficient to support a conviction.

Article 814, C. C. P., is as follows: "It is competent in every case to give evidence of handwriting by comparison, made by experts or by the jury, but proof by comparison only shall not be sufficient to establish the handwriting of a witness who denies his signature under oath."

Appellant was charged with the forgery of the name of A. E. Schraeder to a check for $25, drawn on the First National Bank of Annona, dated December 10, 1915. He denied the forgery under oath.

If the proof of appellant's guilt is by comparison of handwriting alone, his contention must be sustained. Spicer v. State, 52 Texas Crim. Rep., 177.

If the evidence discloses other testimony supplementing that of experts proving the handwriting, and the additional testimony sufficiently corroborates them, the conviction under the rule in this State will be sustained. Raines v. State, 56 Texas Crim. Rep., 94; Hughes v. State, 59 Texas Crim. Rep., 294; Batte v. State, 57 Texas Crim. Rep., 125, 122 S. W. Rep., 561. In the last named case this rule is recognized both in the majority and the dissenting opinions. In the latter, however, it was held that the circumstances of that case did not sufficiently corroborate the testimony of the experts proving the forgery by comparison of handwriting. The evidence against appellant in this case, in our opinion, is stronger than that in any of the cases mentioned.

Checks and letters of the appellant to which his signatures were admitted were introduced in evidence, as were also checks bearing the proved signature of A. E. Schraeder, and there was expert testimony to the effect that the alleged forged instrument was not in the handwriting of Schraeder but was apparently in the handwriting of appellant. There was testimony of a non-expert witness, Mrs. McQuestar, to facts showing familiarity with the handwriting of both Schraeder and appellant up to the date of the instrument in question, and she testified that this instrument was not in the handwriting of Schraeder but was in that of appellant. Similar testimony was used in the Haynie case, 2 Texas Crim. App., 168; Handley v. State, 38 Texas, 211; Long v. State, 10 Texas Crim. Rep., 186; Ferguson v. State, 61 Texas Crim. Rep., 152; Groomes v. State, 48 Texas Crim. Rep., 331; Hunt v. State, 33 Texas Crim. Rep., 252; Barber v. State, 64 Texas Crim. Rep., 96, and discussed in a note, 63 L. R. A., p. 968. Mr. Wharton in his work on Criminal Evidence, section 551, gives testimony of this character the status of primary evidence.

It was conceded that the appellant passed the check on the day of its date, December 10, 1915, or the next day, obtaining $25 in twenty-five cent pieces from the First National Bank of Avery, in which bank Schraeder had no account, and that when on the 13th of December the check was presented to the First National Bank of Annona on which it was drawn, payment was refused on the ground that it did not bear Schraeder's signature.

The check was drawn on Friday, and on the Monday following, December 12th, Schraeder was killed. He was a country storekeeper and farmer. Appellant was a school teacher and boarded with Schraeder. They had a settlement on the 9th of December, showing a balance in favor of Schraeder of $16.70, for which appellant gave his check, the payment of which was refused, appellant explaining that he gave the check on the wrong bank by failing to change the printing on the check used.

Passing the forged check was a circumstance admissible against appellant. Fischel v. State, 54 Texas Crim. Rep., 55; Branch's Ann. P. C., p. 864. Such testimony when it brings appellant in close proximity to the forgery is regarded as direct evidence. Gaut v. State, 49 Texas Crim. Rep., 493; Wharton's Crim. Law, sec. 931.

Schraeder was shown to have been a careful business man, keeping a strict account with his bank and keeping stubs of all of his checks. He compared these stubs with his bank account the day before he was killed, after the check in question was passed. He made a memorandum on the stub showing that he had brought his comparison to a time subsequent to the issuance of the check. There was direct testimony that the twenty-five dollar check was not on the stubs and not taken into account in the comparison. There was a page of the stubs torn out of the check book covering the date of the check, and there were circumstances showing appellant's proximity to the check book.

Appellant gave conflicting accounts of the status of his affairs with Schraeder and the reason for Schraeder giving him the check. He claimed that Schraeder wrote the check, and when he gave it to him he was in possession of blank check on Schraeder's bank. There were circumstances showing that Schraeder was not in debt to him at the time the check was issued. He was contradicted as to the disposition made by him of the money received on the check.

Schraeder's custom in writing checks was to omit writing the name of the month, giving only its number, and the check in question was not so written.

After passing the check and returning to Schraeder's house, appellant showed great excitement and nervousness when he was told that officers had been looking for him.

Appellant testified that he had been convicted of burglary and was charged with murder of Schraeder.

There was evidence from which the jury would have been justified in the inference that a witness was present at the time fixed by appel-

lant at which he received the check from Schraeder and that Schraeder did not give it to him.

We are unable, in view of the evidence and authorities cited, to agree with appellant's contention that the evidence is insufficient to support his conviction and must, therefore, order the judgment of the lower court affirmed.

*Affirmed.*