As the prisoner was unassisted with counsel at his trial, we have felt it to be our duty to examine whether this indictment and conviction be warranted by a just application of the principles of criminal justice, and of general jurisprudence; and an inquiry having produced great doubts as to the validity of this section of the act, independent of the indefinite terms in which it is expressed, we have thought it right that this judgment should be arrested. The states are to be considered, with respect to each other, as independent sovereignties, possessing powers completely adequate to their own government, in the exercise of which they are limited only by the nature and objects of government, by their respective constitutions and by that of the United States. Crimes and misdemeanors committed within the limits of each are punishable only by the jurisdiction of that state where they arise; for the right of punishing, being founded upon the consent of the citizens, express or implied, cannot be directed against those who never were citizens, and who likewise committed the offense beyond the territorial limits of the state claiming jurisdiction. Our Legislature may define and punish crimes committed within the State, whether by *Page 132 
citizen or strangers; because the former are supposed to have consented to all laws made by the Legislature, and the latter, whether their residence be temporary or permanent, do impliedly agree to yield obedience to all such laws as long as they remain in the State; but they cannot define and punish crimes committed in another state, the citizens of which, while they remain there, are bound to regulate their civil conduct only according to their own laws. If our Legislature does not (145) rightfully possess such a power, its assumption and exercise should be carefully avoided, lest our own citizens should be harassed under the operation of similar laws enacted in other states, whereby acts against which the policy of this State did not require that any punishment should be denounced, may be punished in other states with exemplary severity. This may happen in relation to those acts which are not criminal in the state where committed; but the consequences will be far more serious, if the acts are originally criminal; for then a conviction and punishment in a state having no right to entertain jurisdiction of the offense, and consequently to inflict the punishment, will be disregarded in the courts of that state where the offense arose. The crime described in this section of the act is, no doubt, punishable in Virginia as a common law misdemeanor, and although the punishment may be less severe than that prescribed by our Act of Assembly, yet it is better to yield up the offender to the laws of his own state than, by inflicting a punishment under the exercise of a doubtful jurisdiction, furnish a precedent for a sister state to legislate against acts committed by our own citizens and within the limits of our own territory.
I am authorized by Judge HAYWOOD to declare his concurrence in the opinion, that the prisoner be discharged.
Cited: S. v. Cutshall, 110 N.C. 557; S. v. Hall, 114 N.C. 911; S. v.Hall, 115 N.C. 818.