### C. E. BATTE v. THE STATE.

No. 4600. Decided February 24, 1909.

Rehearing denied October 27, 1909.

**1.—Forgery—Evidence—Bill of Exceptions—Expert.**

Where, upon trial for forgery, defendant's objection was that the State's witness on handwriting did not qualify as an expert, but no bill of exceptions was reserved on this point, the matter could not be considered on appeal, although the point was raised in the motion for new trial.

**2.—Same—Comparison of Handwriting—Sufficiency of Proof—Statutes Construed.**

Where, upon trial for forgery, there was circumstantial evidence establishing the guilt of the defendant, in addition to the proof of defendant's handwriting by an expert State's witness, article 794, Code Criminal Procedure, providing that comparison of handwriting only shall not be sufficient to establish the handwriting of one who denies his signature under oath, does not apply. Overruling Spicer v. State, 52 Texas Crim. Rep., 177. Davidson, Presiding Judge, dissenting.

**3.—Same—Jurisdiction—Venue—Statutes Construed.**

Under article 225, Code Criminal Procedure, the offense of forgery may be prosecuted in any county where the written instrument was forged, or where the same was used or passed; and where the check was forged in the State of Oklahoma, and passed in Dallas County, Texas, the prosecution in the latter county and State was proper.

Appeal from the Criminal District Court of Dallas. Tried below before the Hon. W. W. Nelms.

Appeal from a conviction of forgery; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

*W. L. Curtis,* for appellant.—On question of insufficiency of expert's testimony on handwriting: Heacock v. State, 13 Texas Crim. App., 97; Hanley v. Gandy, 28 Texas, 211; Jones v. State, 7 Texas Crim. App., 457, and cases cited in the opinion.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Appellant was convicted of forgery, his punishment being assessed at confinement in the penitentiary for three years.

His contention is: first, that the evidence is not sufficient, in that he was convicted upon the testimony of L. H. Tyler, whom he alleges in his motion for new trial, did not qualify as an expert on handwriting. Tyler testified that the same person who wrote the name of appellant in blank on the check alleged to be forged was the same person who wrote the name of the payor A. A. Koup, that is, the handwriting is by the same person. There was no exception reserved to the testimony of Tyler, and this matter is brought up only as a ground in the motion for new trial. The statement of facts discloses that Tyler was an expert in handwriting, and was the paying teller of the American Exchange National Bank. We are of opinion that Mr. Tyler was an expert, as tested by this record, and inasmuch as appellant did not except to the admission of this testimony, this question can not be raised on the motion for new trial in the manner sought. It is true that if this was all the testimony the State relied upon, there might be a question as to its sufficiency to sustain the conviction.

This brings us to the second ground, which is, that the evidence is wholly insufficient to warrant a conviction, there being no positive proof that the defendant signed the name of A. A. Koup, except the testimony of Tyler. We are of opinion that the evidence is sufficient to show that appellant is guilty of the forgery. Tyler testified that on the morning of the 12th of May, 1908, appellant came to the bank where he was at work and exhibited to the witness a draft drawn on the Commonwealth Trust Company at St. Louis, showing him at the same time a pass book of said Trust Company, and claiming that he had money there. It was ascertained subsequently that appellant did not have any money on deposit with said Commonwealth Trust Company. The witness took appellant to the collection department and introduced him. In a short while, and without leaving the Bank, appellant returned to witness Tyler and requested him to cash a

check for $150 on the Cleveland National Bank at Cleveland, Oklahoma, which was signed "A. A. Koup." This is the check appellant is charged with having forged. Witness requested appellant to indorse the check. Appellant went to the desk in the center of the bank and was gone about two minutes and returned with the check indorsed. Witness did not see the appellant indorse the check, but when he returned with the check indorsed, witness cashed it. Then follows the statement in the statement of facts that witness qualified as an expert on handwriting and stated in his opinion, the handwriting on the check in which the name A. A. Koup was written was the same as that in which the indorsement on the back of the check was written. A. A. Koup testified that he did not sign the check; that he had never seen appellant; that he lived in New Mexico, but had a hardware, implement and vehicle business in Cleveland, Oklahoma, and that his son was the only one authorized to sign his name, and he always signed A. A. Koup with his own name." Witness was not in Cleveland, Oklahoma, on the 12th of May, 1908, but his son managed the business there. Lawrence Koup testified that he was the son of A. A. Koup, who owned a hardware business in Cleveland, Oklahoma, on the 12th of May, 1908; that he managed the business for his father; that he did not sign the check shown him, did not authorize the defendant nor any one else to sign it, and had never seen the check until it was sent to Cleveland for collection; that it was on one of their blanks, and that after appellant left Cleveland, he discovered that some of their blank checks had been torn out of a check book. He further testified that appellant was in Cleveland on the 12th of May, 1908, and was there about a week; that he was there to see Raymond Meade, who was employed by witness to assist him in his father's business. That there is no A. A. Koup in Cleveland, Oklahoma, and that the whereabouts of Raymond Meade was then unknown to the witness; that Meade had continued in his employment for some time after appellant was there. Appellant himself testified that on the morning of the 12th of May, 1908, he went to Cleveland, Oklahoma to collect $35 from Raymond Meade, the young man who was working at A. A. Koup's place of business; that he collected the money and started to the hotel to get his grip with the view of catching the train, but before reaching the depot the train left; that he stayed in town that afternoon, and seeing what he considered a bargain, he purchased a team of horses for $200, hired a buggy from the livery stable and went driving with Raymond Meade; that Meade suggested that he (Meade) could sell the horses if he (appellant) desired to sell them; that they then drove to a residence which Meade said belonged to A. A. Koup, and called a man out and introduced him as Mr. Koup; that a sale was made for $300, and defendant then went to the hotel for supper and Meade and the other man went to write out the checks; that defendant told them to make

out two checks for $150 each; that it was then about 6 o'clock p. m. and the banks were closed. That defendant and Meade went over town to cash the checks but were unable to do so; that appellant caught the early morning train of May 13th, arriving at Dallas in the early afternoon of the same day and had the transaction ·with· Tyler testified about by Tyler. Appellant left Dallas that night for San Antonio, cashed the other check for $150 there, and then went to West Texas, where he was arrested and brought to Austin for forgery; that he was also wanted in San Antonio for passing the other check on the Cleveland National Bank for the sum of $150, signed by A. A. Koup. This is the statement of facts. We are of opinion under this testimony that the State has sufficiently made out a case to legally justify a conviction.

Appellant urges also that he was not subject to prosecution in Texas because the forgery, if committed, was in the town of Cleveland, Oklahoma. Under our statute it would make no difference if the forgery was committed in Oklahoma, inasmuch as he passed the check in Dallas. See article 225 Code Criminal Procedure, which reads as follows: "The offense of forgery may be prosecuted in any county where the written instrument was forged, or where the same was used or passed, or attempted to be used or passed," etc.

Finding no such error in the record as requires a reversal of the judgment, it is ordered that the same be affirmed.

*Affirmed.*

ON REHEARING.

October 27, 1909.

BROOKS, Judge.—At the late Dallas Term of this court this case was affirmed, and now comes before us on motion for rehearing.

The only insistence of appellant we deem necessary to review is the contention that the evidence· is insufficient. The facts in the case are very fully stated in the original opinion. Appellant insists that the evidence is insufficient because the same is circumstantial and does not comply with the provisions of article 794 of the Code of Criminal Procedure, which article reads as follows: "It is competent in every case to give evidence of handwriting by comparison made by experts or by the jury; but proof by comparison *only* shall not be sufficient to establish the handwriting of a witness who denies his signature under oath." There are many facts in this case in addition to those cited in the original opinion that might be collated going to show criminal connection of appellant with the execution of the instrument for which he was prosecuted, but we do not deem it necessary to do so, but suffice it to say that there is other evidence in the record that clearly establishes the guilt of appellant in addition to the proof of handwriting. The statute last cited simply insists that no conviction shall be had against a defendant by comparison of

handwriting alone, but where comparison of handwriting is supplemented by other evidence showing guilty knowledge, motive and knowledge of the crime in question, this certainly ought to be and should be sufficient evidence. To hold otherwise would preclude any character of successful prosecution for forgery.. It is not one case in a thousand where a party is seen by an eyewitness to forge an instrument, but it is merely established circumstantially that he did so. Then if the circumstances can be strengthened by expert testimony on handwriting, we then have a stereotyped case of forgery. Appellant cites us to the case of Spicer v. State, 52 Texas Cr. Rep., 177, and his contention was there very clearly sustained, but that case is not the law, and is hereby overruled. This court fell into error in construing the statute under consideration in said last cited case, and practically held that before a conviction could be sustained there would have to be positive testimony in addition to handwriting before there could be a successful prosecution for forgery. This was not correct. But if there is no evidence at all for the State save and except proof by comparison of handwriting, then we would be forced to reverse the case by the sheer force and terms of the statute above cited, but in this case we have a very different condition. The proximity of appellant to the place and time when the forgery was committed, his motive for the forgery, the fact that he secured the money, the fact that he was cognizant of all the facts that would put him in a position to perpetrate the forgery, and all the other facts collated in the original opinion, clearly indicate and conclusively establish his guilty connection with the commission of this crime. In addition to the above, we have the proof by the expert witness of his handwriting by comparison. It follows, therefore, that the evidence is entirely sufficient. We might extend this argument further if we deemed it necessary, but we do not. We have carefully reviewed all of appellant's contentions, and believe the original opinion was correct, and the motion for rehearing is overruled.

*Overruled.*

DAVIDSON, PRESIDING JUDGE.—I believe the original opinion is erroneous; that rehearing should be granted.

DAVIDSON, PRESIDING JUDGE (dissenting).—The writer hereof wrote the original opinion affirming the judgment. On motion for rehearing the position enunciated by the court in the original opinion was strongly assailed, and after a careful review of the questions involved I have reached the conclusion that the motion for rehearing should be granted, that the court was in error in affirming the judgment, therefore, I respectfully dissent from the opinion of the majority on the motion for rehearing.

The facts are sufficiently stated in the original opinion, and all the · salient facts are stated. It was a case of circumstantial evidence, there being no eyewitness to the forgery, if one was committed, and there is no positive evidence that appellant forged the check. I am of opinion, therefore, that the circumstances do not show with that degree of legal accuracy required by law that appellant has been shown to be guilty of the crime of forgery. It will be remembered, in this connection, that appellant was charged with and convicted of forgery and not of passing a forged instrument. The evidence is amply suffi- · cient to show that appellant presented the check to the witness Tyler, cashier of the bank in Dallas, and it is also sufficient to show that he endorsed the check in the bank at the time that he passed it upon the bank. Therefore, the signature upon the back of the check written by appellant may be taken as his genuine signature. This endorse-ment was taken as a basis of comparison of handwriting by the wit-ness Tyler. Tyler testified that taking appellant's handwriting, as shown by the endorsement, and comparing it with the handwriting in the body of the check, that, in his judgment, the handwriting was the same, though he stated the letters were differently constructed or made and show dissimilarity. This is all the evidence in regard to the handwriting in the body of the check, that is, there is no evidence in regard to appellant having written or signed the check except the supposed expert testimony of Tyler that the handwriting in the check was, under the circumstances stated, in his judgment, the same as that shown in the endorsement. Appellant denied under oath the execution of the instrument, and testified further that the check was not drawn in his presence but was signed out of his presence in Oklahoma, and brought and delivered to him by Meade with the statement that Koup executed the instrument, or at least the man who was with him, whom appellant thought to be Koup. This, therefore, is a denial under oath by appellant of the execution of the instru-ment and that he was a principal to the drawing of the check, and a denial further that he signed the name of Koup as drawer of the instru-ment. The statute provides that it is competent to give evidence of handwriting by comparison made by experts, etc. It was said in Jones v. State, 7 Texas Crim. App., 457, that "The fact, however, that our statute permits such evidence does not change the well estab-lished rules as to the value of such testimony. Such evidence has always been considered feeble, and in some states unsafe to act upon. Burman v. Plunkett, 2 McCord, 518, cited in Hanley v. Gandy, 28 Texas, 211. In Adams v. Field, 21 Vt., 256, it was said: 'But those having much experience in the trials of questions depend-ing upon the genuineness of handwriting will not require to be re-minded that there is nothing in the whole range of the law of evi-dence more unreliable, or where courts and juries are more liable to be imposed upon.' 1 Greenl. on Ev., sect. 580, note 2." In Heacock

v. State, 13 Texas Crim. App., 97, the court said: "It is a well established rule that the handwriting used as a standard of comparison must be either an admitted manuscript, or be established by clear and undoubted proof. The evidence establishing it as a standard must be either direct or equivalent to direct." This case cites several authorities in support of that proposition. See also Spicer v. State, 52 Texas Crim. Rep., 177; Code of Criminal Procedure, article 794, and collated authorities thereunder. The Spicer case, supra, is directly in point, so far as the facts and law of this case are concerned, and my brethren, on reaching the conclusion they arrived at in this case, found it necessary to overrule the Spicer case. There is not a case decided in Texas, so far as I have been able to ascertain, that lays down a different rule, and in fact if such case could be found, it would be directly in violation of the statute. Omitting Tyler's expert testimony in regard to the handwriting, the facts that are relied upon to sustain the conviction may be stated as follows: Appellant's possession of the alleged forged draft in the city of Dallas, in Texas; that the draft or check was forged in Oklahoma; that Meade gave the check to appellant signed as set out in the record; also that Koup testified he did not sign the check. There is not only no evidence that appellant was present when the check was signed, but such as was before the jury excluded the idea of his being present. All the evidence in the record in regard to this matter, outside of the mere fact of possession, came from appellant, who testified that through Meade he sold a pair of horses and received the check in question, and another check from Meade in payment of the horses; that he was not present at the time of the transaction either as to the sale of the horses or the drawing of the check. Meade was not used as a witness in the case, and in fact his whereabouts was not known at the time of the trial, and neither side sought to have him present as a witness.

The case is not as strong on the facts as was the case of Spicer v. State, supra. It may be true, as stated by my brethren, that the act of forgery is not often witnessed by others than the man who commits the forgery. This is true in all cases of circumstantial evidence, but that would be no reason to hold the facts sufficient. I therefore respectfully enter this as my dissent.