George Brooks, Alias George Schofield, v. The State.

No. 137.    Decided November 10, 1909.

**Forgery—Comparison of Handwriting.**

Where, upon trial for passing a forged check, the conviction rested solely upon testimony of handwriting by comparison made by experts, the same could not be sustained. Following Batte v. State, 57 Texas Crim. Rep., 125.

Appeal from the District Court of El Paso. Tried below before the Hon. James R. Harper.

Appeal from a conviction of forgery; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

BROOKS, Judge.—Appellant was convicted of forgery, and his punishment assessed at two years confinement in the penitentiary.

The facts show that appellant passed as true to Mrs. J. F. Primm a check for the sum of $71.10 signed J. A. Campbell. The check was drawn on the American National Bank of El Paso. The cashier of the bank testified that there were two men by the name of J. A. Campbell that had money deposited in his bank. After the check was delivered by appellant to prosecuting witness Primm to pay for room rent in her boarding house, Mrs. Primm gave appellant a check on her account at the above named bank for the difference between $71.10 and the amount appellant owed her, which was about $18. This check, however, she subsequently had the bank to refuse to pay. Appellant presented the check for $50 given by said Primm to the bank and there was informed that the check had been ordered not to be paid by Mrs. Primm. He left the bank without saying anything except expressing regret that they would not pay it. Neither of the men by the name of J. A. Campbell, who had deposits in the above named bank, testified in this case, but the cashier alone of the bank testified that the signature on the check for $71.10 which was delivered, as stated above, by appellant was not the signature of either of the J. A. Campbells who had money in his bank. So we have a case that turns upon the question as to whether or not a comparison of handwriting alone will justify a conviction for forgery. Article 794 of the Code of Criminal Procedure reads as follows: "It is competent in every case to give evidence of handwriting by comparison made by experts or by the jury, but proof by comparison only shall not be sufficient to establish the handwriting of the witness who denies his signature under oath." See also Batte v. State, decided at the present term. It follows, therefore, that the evidence is insufficient to support the verdict. This being true the judgment is reversed and the cause remanded.

*Reversed and remanded.*