## W. H. HUGHES v. THE STATE.

### No. 564.     Decided May 11, 1910.

**1.—Forgery—Evidence—Expert Witness—Comparison of Handwriting.**

Where, upon trial of forgery, the State's witness had qualified as an expert on handwriting, there was no error in admitting the opinion of said witness after comparing checks, one of which was admittedly genuine as to defendant's signature.

**2.—Same—Sufficiency of the Evidence.**

Where, upon trial of forgery, the evidence showed that the alleged forged check was in defendant's handwriting, that he was the beneficiary and secured payment of the money on said check, and had not been authorized to sign it, the same was sufficient to sustain the conviction. Following Batte v. State, 57 Texas Crim. Rep., 125.

Appeal from the District Court of Delta. Tried below before the Honorable R. L. Porter.

Appeal from a conviction of forgery; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Lane & Ratliff,* and *Patteson & Patteson,* for appellant.

*John A. Mobley,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—On the 6th day of January of this year an indictment was returned into the District Court of Delta County charging appellant with forgery on a certain instrument in writing to the following effect:

"Pecan Gap, Texas, 8/20, 1909, No. —— The Weldon Bank (unincorporated) Pay to W. H. Hughes or bearer, $21.25, Twenty One Dollars ———— 25/100 Dollars. L. H. Myers," and also in another count with passing as true said forged instrument. The conviction was under the first count. The evidence shows that about the 20th day of August, 1909, appellant presented to one H. W. Miller a check identical with that copied above and received the amount thereof in money. L. H. Myers, who is purported to have given the check, was introduced, and testified that he had not given same, nor had he authorized appellant or any one else to sign his name to said check. A number of witnesses were produced who testified that the check in question was in their judgment in the handwriting of appellant. There was no evidence offered by appellant, or any account of his possession of the check in question, or how, from whom or in what manner he acquired same. It is shown further that appellant and Myers lived close together, and Myers testified that they lived only three or four hundred yards apart, and that he saw appellant on the day that the check bore date.

1. On the trial, among others, James A. Smith was introduced as a witness by the State, who was permitted to testify that, after examining two checks, one of which was shown clearly to have been executed by appellant, and the other being the check charged to have been forged, these checks were signed by the same person, and the person who signed the check admittedly as genuine also signed the check charged to have been forged. This testimony was objected to because it called for an opinion of the witness, and same was not the best evidence that could be had to establish the facts attempted to be proven. In approving the bill the court says that the witness was permitted to give his opinion after first qualifying to speak as an expert on handwriting. That this testimony was admissible we think there can be no doubt.

2. The only other ground of the motion for new trial entitled to serious attention is, that the verdict of the jury and judgment of the court are unsupported by the evidence because the testimony in the case does not show that appellant executed the instrument in writing which he is charged to have forged. We think the evidence is clearly sufficient to show by satisfactory proof that appellant forged this instrument. It was shown by the testimony of a number of witnesses that in their opinion it was in his handwriting; he was the payee of the check; he was the beneficiary of it, and he secured in person payment thereof in money to himself.

That Myers did not sign this check and that appellant was not authorized to sign his (Myers) name to it is shown by all the evidence. The facts taken together clearly demonstrate to our minds that ap-

pellant was guilty of forgery. Batte v. State, 57 Texas Crim. Rep., 125, 122 S. W. Rep., 561.

Finding no error in the record the judgment is hereby in all things affirmed.

*Affirmed.*