HARRISON TERRY v. THE STATE.

No. 684    Decided June 15, 1910.

Rehearing Denied October 12, 1910.

1.—Forgery—Sufficiency of the Evidence.

Where, upon appeal from a conviction of forgery, the same was sustained by the evidence, it will not be disturbed.

2.—Same—Transcript—Practice on Appeal.

Where an appeal is taken the record should be promptly sent to the Court

of Criminal Appeals. See opinion of court emphasizing the importance of sending up transcripts promptly.

Appeal from the Criminal District Court of Dallas. Tried below before the Honorable Robert B. Seay.

Appeal from a conviction of forgery; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Hemphill & House* and *A. S. Baskett,* for appellant.

*John A. Mobley,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—Appellant was convicted in the Criminal District Court of Dallas County on November 11, 1908, on a charge of forgery and his punishment assessed at confinement in the State reformatory for a period of two years.

As the record comes to us it contains no bills of exception and therefore but one of the matters included therein can be reviewed by us. There is no complaint of the charge of the court and the only question raised in the motion for new trial which we can review is the sufficiency of the evidence. The testimony of L. H. Tyler is to the effect that on the 4th day of May, 1908, he was teller in the American Exchange National Bank and that on this day appellant presented to him for payment the check alleged to have been forged. Mrs. P. James, the purported drawer of the check in question, was introduced and testified that she had known appellant some three or four years and that he was working for her on the day in question; that she had an account at the American Exchange National Bank which fact was known to appellant; that appellant was an educated negro, having taken a course in Latin; that she did not sign the check nor did she authorize appellant to sign it. It was further shown by the testimony of Tyler that appellant had changed his clothing soon after presenting the check which he stated at the time had been signed by Mrs. James. He also testified that the check in question was in his judgment written by the same person who wrote certain letters and writing shown him and stated to have written by appellant. The case on the facts seems conclusive and there would seem to be no warrant for a reversal of the case.

In this connection we may state that the record in the case was not filed in this court until May 21st of this year, though as stated, the conviction occurred on November 11, 1908, and the transcript bears the certificate of the clerk of date February 6, 1909. We wish to enjoin upon clerks and prosecuting officers the importance of sending up transcripts promptly. What excuse there was in this case for failure so to do we cannot know and of course do not undertake by implication to censure anyone for not sooner sending the transcript

forward. The record should be promptly sent to this court wherever it is possible so to do.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

[Rehearing denied October 12, 1910.    Reporter.]