## W. C. DOBSON v. THE STATE.

### No. 8108.    Decided November 21, 1923.

**1.—Forgery—Motion for New Trial.**

Where, upon appeal from a conviction of forgery, the trial judge cer-
tified to certain evidence having been introduced, and thereupon overruled
the motion for a new trial, there is no reversible error.

**2.—Same—Sufficiency of the Evidence.**

Where, upon trial of forgery, it appeared from the record on appeal that
appellant was in the unexplained possession of the forged instrument and
received the benefit from the funds derived from cashing it, etc., the evidence
was sufficient to support the conviction. Following Terry v. State, 60 Texas
Crim. Rep., 60, and other cases.

Appeal from the District Court of Lamar.    Tried below before the
Honorable Ben H. Denton.

Appeal from a conviction of forgery; penalty, two years imprison-
ment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*Tom Garrard* and *Grover C. Morris,* Assistants Attorney General,
for the State.   Cited, Clayton v. State, 174 S. W. Rep., 591; Robert-
son v. State, 159 id., 713.

HAWKINS, JUDGE.—Conviction is for forgery with punishment
of two years confinement in the penitentiary assessed.

The only bill of exception in the record was one reserved to the
action of the trial court in overruling the motion for new trial.   The
motion raises several questions of fact which are not disclosed from
the record.   The evidence taken upon the hearing of the motion is
not perpetuated either by bill of exceptions or by statement of facts,
but the learned trial judge certifies to certain evidence having been in-
troduced and his conclusion therefrom.   It is apparent from this
that no error was committed in overruling the motion.

The only other question is the sufficiency of the evidence.   The
instrument alleged to have been forged was a check for $80 purporting
to have been signed by W. H. Ledford, drawn on the First State Bank
of Paris and payable to C. P. Bowen.   The date of the check was July
27th, 1917.   The evidence shows that this transaction occurred the
week following a fire which practically destroyed the entire business
district of the city of Paris and that several banks were doing business
in temporary structures on the square at the time.   Ledford testified

that he never executed such instrument, but that he had given appellant checks on other occasions in payment for work done by him, and that appellant knew with which bank witness did business. A negro boy named Dyer testified that appellant called to him and asked him to take a check to the bank and cash it. He was not able to say whether the check introduced in evidence was the identical check given him by appellant, but knew the check was for eighty dollars. He was not sure what particular bank he took the check to but knew he went to a bank, cashed the check and delivered the money to appellant who waited for him on the west side of the square. Appellant gave this negro boy a dime for cashing the check for him. Another negro happened to be in the bank at the time Dyer cashed the check and was attracted by the amount of money Dyer was getting which made him suspicious. He watched Dyer leave the bank and saw him carry the money and deliver it to some white man. After seeing he was taking the money to a white man he paid no further attention, assuming that it was all right, and did not notice particularly to whom Dyer delivered it. This witness testified that as near as he could recollect it was the First State Bank where Dyer cashed the check and that he, witness, had a check on the same bank at the time. Coleman testified that he was the Assistant Cashier of the First State Bank of Paris and was connected with the bank during 1917; that the first time he ever saw the check in question was when it was returned to him from the note window where it had been cashed by Mr. DeWitt. The record shows that DeWitt was not at the time of trial a resident of Texas, but had for some time been residing in the State of Colorado. A short time after this check was cashed Ledford made complaint about it. Appellant was arrested and put under bond to await the action of the grand jury. He forfeited his bond and remained at large for about five years before he was again apprehended. The evidence appears amply sufficient to justify the jury in finding that appellant was the maker of the forged instrument. He was in the unexplained possession of it, and received the benefit from the funds derived from cashing it. His action in not taking it to the bank himself but sending it by a negro boy and the subsequent forfeiture of bond and flight, all taken together are sufficient to support the judgment. As somewhat similar cases we refer to Terry v. State, 60 Texas Crim. Rep., 60, 130 S. W. Rep., 1004; Hughes v. State, 59 Texas Crim. Rep., 294, 129 S. W. Rep., 837.

The judgment is affirmed.

*Affirmed.*