JAMES G. PARKER v. THE STATE.

No. 17316. Delivered March 6, 1935.

The opinion states the case.

*Baskett & Parks,* of Dallas, and *Perkins & Perkins,* of Rusk, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted of the offense of knowingly passing as true a forged instrument, and his punishment was assessed at confinement in the state penitentiary for a term of two years.

The State's testimony shows that on or about the 9th day of June, 1934, the appellant came into the store of the R. L. Gauntt Company to purchase some groceries, and in payment thereof gave a check which reads as follows:

"HENDERSON NATIONAL BANK

"Henderson, Texas, June 9, 1934. No. 1661.
"Pay to A. S. Webb                     $36.00
"Not over Thirty-six Dollars $36$
"2-68                    J. F. Hughes."

"Endorsements:
"A. R. Webb
"R. L. Gauntt Co."

(left margin) HUGHES BROTHERS DRILLING COMPANY

The appellant purchased $3.55 worth of groceries and the difference was paid him in cash. Mr. Scroggins and Mr. Bass, who were employed by the R. L. Gauntt Company identified the appellant as being the man who came into the store and cashed the check. Mr. Scroggins was not as positive in his identification of the appellant as Mr. Bass. Mr. Bass further testified that appellant told him, Bass, that he, appellant, lived on South Bonner street; that after the check was returned he went to South Bonner street but could not find any trace of him. Mr. Scroggins testified that he saw the appellant endorse the check with his left hand. Mr. Musick testified for the State that he was cashier of the F. and M. State Bank at Rusk; that he had been engaged in the banking business for 21 years; that

there wasn't any bank situated in Rusk by the name of the Henderson National Bank and so far as he knew there was no bank by the name of Henderson National Bank; that the endorsement on the back of the check looked like the same writing as that on the face of the check; that he didn't know of any such firm as the Hughes Drilling Company. On cross-examination he stated that the endorsement on the back of the check is not exactly the same as that on the face of the check but that he could tell the same man wrote it; that he could be mistaken about it but such was his opinion. Mr. Gregg testified that the endorsement on the back of the check and the writing on the face of the check are very similar; that he would not say positively that they are the same but it was his opinion they were the same. The appellant testified in his own behalf, denying that he wrote the check and denying making the endorsement thereon. He said he had never seen that check before and that he was in Jacksonville only one time and that was in the year 1926 or 1927.

The appellant questions the sufficiency of the testimony to sustain the conviction. As we understand the testimony offered by the State to establish the forgery of the instrument, it was by comparison of handwriting, that is, by proving that the endorsement on the back of the check and that on the face of the same was made by one and the same person, and that seems to be the only testimony adduced by the State on that question. In the case of Spicer v. State, 52 Texas Crim. Rep., 180, this court, speaking through Judge Davidson on motion for rehearing, said: "The evidence on the part of the experts in regard to the handwriting is about equally balanced that the same party who wrote appellant's name on the back of the instrument wrote the body of the instrument; but, if all of them had testified that in their opinion the handwriting was the same, it would not have been sufficient, under this statute. * * * *There must be other evidence, in order to show that the appellant wrote the instrument. That he passed the instrument is conclusively shown by Clark." Article 731, C. C. P., reads as follows: "It is competent to give evidence of handwriting by comparison, made by experts or by the jury. Proof by comparison only shall not be sufficient to establish the handwriting of a witness who denies his signature under oath." In the case of Jackson v. State, 81 Texas Crim. Rep., 51, this court, speaking through Judge Morrow, said: "Appellant was charged with the forgery of the name of A. E. Schraeder to a check for $25.00, drawn on the First National Bank of

Annona, dated December 10, 1915. He denied the forgery under oath. If the proof of appellant's guilt is by comparison of handwriting alone, his contention must be sustained."

The indictment charged, in the same count, both passing and attempting to pass a check signed by J. F. Hughes and payable to A. S. Webb; the effect thereof was to charge that the name of J. F. Hughes was forged to the check. No reference is made to the endorsement in the indictment.

There was no direct testimony that the name of J. F. Hughes was forged to the check. The only proof that the name of J. F. Hughes was forged is the opinion of witnesses that the handwriting on the face of the instrument and the endorsement on the back are similar. The defendant denied under oath that he wrote the check.

We are of the opinion that the testimony in this case, under the authorities above quoted, is insufficient to sustain the conviction.

Therefore the judgment of the trial court is reversed and the cause is remanded.

*Reversed and remanded*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.