## TED REED V. THE STATE.

No. 23284. Delivered February 6, 1946.
State's Motion for Rehearing Granted March 20, 1946.

The opinion states the case.

*Art. Schlofman,* of Dalhart, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is forgery. The punishment assessed is confinement in the state penitentiary for a period of three years.

Appellant brings forward a number of complaints by separate bills of exception. These bills cannot be considered by us because the same were not filed within the 80-day period originally granted him by the court. The record reflects that the motion for new trial was overruled on the 13th day of July, 1945, at which time he gave notice of appeal to this court. The trial court granted him 80 days in which to file his bills of exception and statement of facts. The time so granted him expired October 1, 1945. On the 2nd day of October, he applied to the court for another extension of time which the court granted, but the time in which the court could legally make the last order had expired. Therefore, the last extension order was void inasmuch as the court had lost-jurisdiction to make the order.

Appellant challenges the sufficiency of the evidence to sustain his conviction. The record discloses that appellant was charged with forging a check in the sum of $35.46, drawn on the Citizens State Bank of Dalhart, Texas, payable to the order of Ted Reed, purporting to have been signed by H. T. Reed and dated 2-13-1946. This check was passed to Charles L. Bonner, an employee of the Dalhart Consumers Fuel Association, who cashed it. H. T. Reed testified that he did not make, write or sign the check; nor did he authorize anyone else to do so; that he did not know who wrote the check in question. Bonner testified that he saw the person who presented the check to him endorse his name on the back thereof. He further testified:

"Just to be honest, I don't believe he is the same man that gave me the check. I don't think he is. I sure don't. * * * I have not seen the man I am talking about from the time he passed that check to me on up until the present time. * * * To the best of my knowledge, this defendant is not the fellow who gave me that check on the evening in question."

The State then resorted to comparison of handwriting by experts who, by comparing the writing on the check in question

with other instruments proved to have been written by appellant, expressed the opinion that the person who wrote the instruments used for comparison also wrote the check in question.

In the instant case, appellant denied under oath the making or the writing of the check in question. This called for the application of Article 731, C. C. P., which provides as follows:

"It is competent to give evidence of handwriting by comparison, made by experts or by the jury. Proof by comparison only shall not be sufficient to establish the handwriting of a witness who denies his signature under oath."

It will thus be noted that under this article of the statute, a conviction cannot stand upon testimony by comparison of handwriting alone. In support of what we have said, we refer to the following cases: Turner v. State, 183 S. W. (2d) 981; Spicer v. State, 52 Tex. Cr. R. 177; Brooks v. State, 57 Tex. Cr. R. 251; Batte v. State, 57 Tex. Cr. R. 125; Reeseman v. State, 59 Tex. Cr. R. 430; Parker v. State, 128 Tex. Cr. R. 160, 80 S. W. (2d) 319.

Having reached the conclusion that the evidence is insufficient to sustain his conviction, it is therefore ordered that the judgment of the trial court be, and the same is, reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON STATE'S MOTION FOR REHEARING.

HAWKINS, Presiding Judge.

Reference to our original opinion reveals that the reversal was predicated upon the proposition that appellant had denied under oath the signing of the alleged forged check, and that conviction depended on evidence of handwriting by comparison alone, which is not permitted under the provision of Art. 731 C. C. P., which is set out in our original opinion.

The State's motion for rehearing is based upon the contention that an issue of fact was raised upon the motion for new trial that the denial under oath was not filed until after the evidence had been closed, or if so it was not among the papers

in the case, and if filed in time it was never called to the trial court's attention. It would extend this opinion beyond pardonable length to set out the evidence pro and con upon the issue, but we have examined the evidence critically. It appears certain that the date in the clerk's jurat gave evidence of some change having been made and some question as to the date of the file mark. This pertinent statement is found in the clerk's evidence. "I do not recall whether the instrument (the denial under oath) was left on my desk or with the Court, and back to Defendant's Counsel's desk; I am not sure about that, *but my best recollection is he was not ready to present it at that time.*" It is shown from the District Attorney's testimony that when the trial was started appellant's counsel stated to the District Attorney that said counsel wanted to raise the question of appellant's sanity, and made an oral motion to the Court stating that he wanted to prepare a "written motion and file it back," and the District Attorney agreed that if the motion contained no other matter it could be prepared later and filed back. The motion relied upon by appellant contained not only the denial under oath of the execution of the alleged forged instrument, but also raised the question of appellant's sanity. During the trial the District Attorney repeatedly examined the papers in the case desiring to find any motion that might bear appellant's signature to use it as a standard of comparison, and at no time before the evidence was all in did he find the denial now relied upon.

While the judge was preparing his charge he sought among the papers to find if any denial under oath was among them in order to take cognizance of it in his instructions to the jury, and no such denial was found. The charge contained no instrution regarding Art. 731 C. C. P. It is singular that in view of the absence from the charge of any suuch instruction no objection because of its absence was presented, nor was any special charge upon the subject requested. If the court's attention had been called to the "denial under oath" being on file there would have been no occasion for his search among the papers to ascertain if such instrument had been filed.

The order overruling the motion for new trial reads as follows: "* * * after hearing said motion and the evidence of the State in opposition thereof, and after having heard argument of counsel and having duly considered the same, is of the opinion and so finds that the grounds of said motion are not well taken and not supported by the evidence and that the same should be

overruled in all things." It is noted that the evidence of the State in opposition to the motion related to the contested issue about the "denial under oath."

It is apparent that the trial judge decided the contested issue of fact against appellant, and that in so doing no violence in the exercise of his judicial discretion is shown.

Believing that we erred in reversing the judgment, the order therefor is set aside, the State's motion for rehearing is granted, and the judgment is now affirmed.