Garsh, J.
On April 3, 1997, following a jury-waived trial, this court found the defendant Joseph Gall (“Gall”) guilty on seven indictments charging forgery and each count contained therein.[1] At the conclusion of the Commonwealth’s case, and again at the conclusion of all the evidence, the defendant moved for a required finding of not guilty on the grounds, inter alia, that the Commonwealth lacks jurisdiction over the forgery offenses because they were completed outside the Commonwealth. Those motions were denied. Pursuant to M.R.Civ.P. 25(b)(2), the defendant has renewed his motion for a required finding of not guilty on the forgery counts.
For the following reasons, defendant’s motion for a required finding of not guilty is ALLOWED as to each of the forgery counts.
BACKGROUND
Gall was charged with multiple counts of forgery of a policy of insurance within the meaning of G.L.c. 267, §1. The uncontroverted evidence is that each of the certificates of insurance at issue were made in Connecticut. No part of any of the certificates were completed or produced in Massachusetts. The evidence, assessed in the light most favorable to the Commonwealth, supports an inference, beyond a reasonable doubt, that Gall, in Connecticut, possessed an intent to injure or defraud. The evidence supports the further inference, beyond a reasonable doubt, that the persons whom Gall intended to injure or defraud were in Massachusetts.[2] Each of the forged certificates was passed as genuine in Massachusetts. They are the subject of the parallel uttering counts. Before the forged instruments were uttered, the completed forgeries had no impact within Commonwealth.
DISCUSSION
The defendant argues that this court lacks subject matter jurisdiction over the forgery offenses because *546 every act required to be proven by the Commonwealth as an element of that crime occurred in Connecticut. Forgery is the false making or material alteration of a written instrument with the intent to injure or defraud. Commonwealth v. Apalakis, 396 Mass. 292, 298 (1985). The focus is upon the false making of the document, not its publication. It is not necessary to show that anyone actually was defrauded. Commonwealth v. Analetto, 326 Mass. 115, 118 (1950). One who falsely makes a written instrument with the requisite intent to injure or defraud, but who never shows that document to another, is guilty of forgery. The crime of uttering, by contrast, punishes the publication, with intent to injure or defraud, of an instrument known to be forged. Commonwealth v. Levin, 11 Mass.App.Ct. 482, 496-97 (1981).
At common law, jurisdiction to subject a defendant to prosecution resides in the territory where the crime is committed. United States v. Bowman, 260 U.S. 94, 98 (1922) (“Crimes against private individuals or their property, like . . . frauds of all kinds, which affect the peace and good order of the community, must of course be committed within the territorial jurisdiction of the government where it may properly exercise it”). Criminal laws do not operate extraterritorially. Commonwealth v. Carroll, 360 Mass. 580, 584 (1971).
In determining whether Massachusetts properly has subject matter jurisdiction, the focus is on whether any element of the crime charged or part of any element, including the result of the criminal act, has been committed in the Commonwealth. Id. at 584-85 (a defendant charged with receiving and aiding in the concealment of stolen property may be punished in Massachusetts when the evidence supports an inference that at least the concealment aspect of the crime occurred in the Commonwealth). See also Commonwealth v. Hare, 361 Mass. 263, 265 (1972) (defendant may be convicted of being an accessory before the fact to a felony committed in Massachusetts even though all counseling or arranging occurred in Ohio where the fact that the felony was committed is an element of the crime charged); Commonwealth v. White, 358 Mass. 488, 491-92 (1970) (the crime of larceny, which includes the element of asportation, may be punished in Massachusetts if the defendant brings the stolen goods into this state after acquiring them outside the jurisdiction); Commonwealth v. Lanoue, 326 Mass. 559, 561 (1950) (where sexual intercourse occurs in another state, a defendant may not be charged in Massachusetts with begetting a child out of wedlock because the subsequent birth of the child in Massachusetts is not an element of the offense); Commonwealth v. Adelson, 40 Mass.App.Ct., 585, 588-89 (1996) (where the defendant has knowingly written a “bad check” in Massachusetts and has, in this Commonwealth, the property secured by the check, Massachusetts has jurisdiction to prosecute for larceny by check). See also Model Penal Code (U.L.A.) §1.03(l)(a) (“a person may be convicted under the law of this State of an offense committed by his own conduct or the conduct of another for which he is legally accountable if either the conduct which is an element of the offense or the result which is such an element occurs within this State”) (emphasis supplied).
Commonwealth v. Levin, 11 Mass.App.Ct. at 482, upon which the Commonwealth relies, does not hold that evidence of a defendant’s intent that his out-of-state criminal acts have an effect in Massachusetts alone is a sufficient basis on which to predicate subject matter jurisdiction. In Levin, Massachusetts defendants fraudulently procured an insurance policy by delivering, apparently in Massachusetts, a forged part of an application to the secretary of the general agent for a Missouri insurer. Id. at 488. It was mailed to Missouri. Thereafter, in response to an inquiry from the insurer’s home office in St. Louis, the secretary called one of the defendants and requested the remainder of the application. The secretary received, again apparently within Massachusetts, an additional forged application from the defendants; it too was forwarded by the secretary to the insurer in Missouri. Id. The defendants never personally traveled to Missouri to offer the forged instrument. They were charged in Massachusetts with uttering. The intent to injure or defraud, an element of the crime of uttering, occurred in Massachusetts. The knowledge that the instrument being passed was false, also an element of the crime of uttering, took place in Massachusetts. Critical actions making possible the offering of the forged instrument, another element of the crime of uttering, also took place in Massachusetts when the applications were delivered to the general agent. Although the crime may not have been complete until the insurer received the forged application in Missouri, id. at 502, part of the crime clearly was committed within the Commonwealth. Faced with these facts, the court concluded that Massachusetts may exercise jurisdiction over the uttering charge. “Acts done outside a jurisdiction, but intended to produce and producing detrimental effects within it justify a State in punishing the cause of the harm as if he had been present at the effect, if the State should succeed in getting him within its power.” Id. at 502 (quoting Strassheim v. Daily, 221 U.S. 280 (1911)).
In contrast to the factual background in Levin, in the instant case, no element or part of any element of the forgery offenses took place in Massachusetts, and the forgeries, as opposed to the subsequent utterings, produced no detrimental effects or indeed any consequences within the Commonwealth. The forgery crimes were complete before any of the certificates were mailed to Massachusetts. Nor does this case “fall directly within the holding of Strassheim v. Daily, 221 U.S. 280, 285 (1911),” as the Commonwealth contends. Strassheim holds that the crime of larceny by false pretenses, which includes the element of parting with property by the victim in reliance upon a false *547 statement of fact, may be punished in the state where the victim parted with its properly even if the defendant did not enter the state before the fraud was complete. In that case, the defendant had been charged with obtaining money from the State of Michigan by false pretenses arising out of representing as new goods which were used and which were sold to the government of the State of Michigan from Illinois. By means of false pretenses, the defendant obtained money from the State of Michigan. Hie Court held that Michigan has jurisdiction to punish the harm because the defendant’s acts were intended to produce and did so produce detrimental effects in Michigan. Id. at 284-85. Hie presence of those detrimental effects comprised an element of the crime charged.
Although Massachusetts appellate courts have not specifically ruled on whether this state may exercise subject matter jurisdiction over a forgeiy completed outside the state, the language and logic of the Massachusetts cases dealing with jurisdiction require that something more be done in Massachusetts than the commission of the independent crime of uttering following consummation out-of-state of the crime of forgery.[3] “Forgery is committed where the false instrument is made or altered, not where it is uttered ...” 1 W. LaFave and A. Scott, Substantive Criminal Law §2.9 at 181 (1986).[4] See, e.g., People v. Schlatter, 390 N.Y.S.2d 441, 442 (1977) (since forgery is not a ‘result’ offense, indictments charging forgeiy must be dismissed where there is no proof that any element of the crime of forgeiy, including the intent to forge, occurred in the county which issued the indictments even though some of the forged checks had been deposited in that county); Abston v. State, 185 S.W. 706, 707 (Tenn. 1916) (venue for prosecution for forging a deed resides where the deed is actually forged); Lindsey v. State, 38 Ohio St. 507, 510-11 (1882) (had the defendant been indicted in Ohio for forgeiy, and not uttering, Ohio would lack jurisdiction because all the acts that constituted the crime of forgeiy had been committed in Missouri); State v. Knight, 1 N.C. 143 (1799) (North Carolina has no jurisdiction to prosecute a Virginian who counterfeited North Carolina currency in Virginia). But see Hanks v. State, 13 Tex. Ct. App. 289, 305 (1882) (Texas has jurisdiction over a forgery in Louisiana of a certificate of title to Texas land which would, if genuine, have operated to transfer property within Texas).[5]
The defendant is entitled to a finding of not guilty on the forgery counts because no criminal act of forgeiy occurred within the territorial boundaries of the Commonwealth. It was in Connecticut and Connecticut alone where the certificates were falsely made and where Gall possessed the intent to injure or defraud. Neither conduct which is an element of the offense of forgeiy or a result which is such a element occurred within this state. The Commonwealth lacks subject matter jurisdiction to punish Gall for these crimes.
ORDER
For the foregoing reasons, Joseph Gall’s renewed motion for a finding of not guilty on each of the forgeiy offenses is ALLOWED.

The court also found Gall guilty on one indictment charging larceny by false pretenses, guilty on the indictment charging failure to provide workers’ compensation coverage, guilty on the seven indictments charging uttering and on each count therein, and not guilty on ten indictments charging larceny by false pretenses. Gall’s co-defendant, Employee Staffing of America, Inc., was not charged with forgery.

In ruling upon a Rule 25(b)(2) motion, the court looks only to the legal sufficiency of the evidence. Commonwealth v. Torres, 24 Mass.App.Ct. 317, 324 (1987).

Some states have altered the common law in order to authorize prosecution of a forgeiy if the false document is uttered in the state. E.g., Batte v. State, 122 S.W. 561, 563 (Tex. Cr. App. 1909) (Texas may prosecute forgery of check in Oklahoma which was passed in Dallas pursuant to state statute which provides that "(t]he offense of forgery may be prosecuted in any county where the written instrument was forged, or where the same was used or passed, or attempted to be used or passed”). See also State v. Brown, 627 P.2d 132 (Wash. App. 1981) (relying upon a state criminal long-arm statute, of which there is no equivalent in Massachusetts, the court held that because the forged instrument was uttered in Washington, Washington has jurisdiction over the forgery since the Washington statute requires an effect only, not that an effect or result be an element of the crime charged).

See also J. Beale, Conflict of Laws §428.3 at 1355 (1935).

Statements in Medley v. Warden, 123 A.2d 595 (Md. 1956), to the effect that the jurisdictional requirement may be satisfied if the forged documents are uttered in the jurisdiction where the charges are made are dicta. The defendant there was charged with forging and uttering; the proof of uttering, which was not denied, was held to alone support the general verdicts.